# DOWNER v. SHAW.

In a debt on a judgment, recovered in another State, on a promissory note, the declaration may be amended, by adding a count on the note.

DEBT, on a judgment rendered in the county court for the county of Windsor, in Vermont, on the last Tuesday of May, 1839. The suit in Vermont, as appeared by the record, was on a promissory note of the defendant, dated February 27, 1838, for $1600, payable to the plaintiff, or order, in six months, with interest. At the last July term of the court, it was decided that the judgment recovered in Vermont could not be entered here, for want of jurisdiction in the court that rendered it. *Downer* v. *Shaw*, 2 Foster's Rep., 277.

---
Downer *v.* Shaw.
---

The plaintiff moved in the common pleas, for leave to amend, by adding to his declaration a count upon the note, declared on in the Vermont suit, and a count for money had and received to cover the same note ; and the questions in the case arise on that motion.

*Wheeler*, for the plaintiff cited N. H. Rev. Stat., chap. 186, §§ 10, 11; *Butterfield* v. *Harvell*, 3 N. H. Rep., 201; *Goddard* v. *Perkins*, 9 N. H. Rep., 488 ; *Burnham* v. *Spooner*, 10 N. H. Rep., 165 ; *Merrill* v. *Russell*, 12 N. H. Rep., 74 ; *Barker* v. *Burgess*, 3 Met. Rep., 273.

*Vose*, for the defendant, cited *Goddard* v. *Perkins*, 9 N. H. Rep., 490 ; *Bell* v. *Cleflin*, 5 Pick. Rep., 503 ; *Latine* v. *Clement*, 3 Kelley Rep., 426 ; *Brown* v. *Beauchamp*, 5 Monroe Rep., 417 ; *Exeter Bank* v. *Sullivan*, 6 N. H. Rep., 124 ; *Rice* v. *Wilder*, 4 N. H. Rep., 336.

Perley, J.   We think this amendment ought to be allowed. The general object of the suit is to recover the debt, which the defendant contracted by the note.   To use the language of the court in *Burnham* v. *Spooner*, the note was the ground of the judgment, " and may be said to be the ground of the suit in one form."   The plaintiff might originally have joined a count on the note with his count on the judgment.   This is a usual precaution, in actions on foreign judgments, and then if the judgment is found to be invalid, as it was in this case, the plaintiff may recover his debt in the original form.   3 Chitty on Pl., 119, note (a.)

It may therefore be regarded as an inadvertence that the plaintiff did not make his claim at first, as he now seeks to make it by the amendment.

It is said, in some cases, that the amended and original counts should be subject to the same plea.   We think no more can be meant by this than that the two demands must be such as in their nature may be joined in the same suit.   On this point, that the two counts are subject to the same plea, is one, but not an infallible test.

Downer *v.* Shaw.

As to the objection that the amendment will not be allowed, because it appears that the demand is barred by the statute of limitations, it does not appear to the court that the case may not fall within some one of the exceptions to the operation of the statute.

*Amendment allowed.*